FILED ENTERED RECEIVED SERVED ON
COUNSEL/PARTIES OF RECORD
AUG 28 2026
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States of America,

Plaintiff,

vs.

CHARLES RICHARD CLEARY, Jr.,

Defendant.

**Case No. 26-mj-00639-DJA**

**ORDER**

**Re: Physical Restraints**

Prior to defendant's initial appearance on August 28, 2026, the undersigned made an individualized determination that there are compelling reasons, for the safety of others and to prevent escape, that defendant should be fully restrained during his initial appearance. This decision was based on the record of this case and the US Marshall's individualized written restraint request ("Request") dated 8/28/2026, noting in particular the following prior conduct:

(1) In July 2026, while on the run from authorities in Indiana, Cleary was stopped by police officers in New Mexico for a minor traffic violation. When officers discovered Cleary was wanted, he resisted arrest and attempted to disarm a police officer by grabbing the officer's Taser and firearm.

(2) On August 13, 2026, the United States Marshals Service attempted to execute arrest warrants for Charles Richard Cleary at 5974 E Sundoro Dr, Las Vegas, NV. Cleary refused multiple verbal commands conveyed over a loud speaker to exit the residence and barricaded himself inside the home. The Federal Bureau of Investigation (FBI) SWAT team was subsequently activated for tactical assistance. A multiple hour standoff between FBI SWAT and Cleary then ensued. During the encounter, Cleary armed himself with a shotgun and threatened suicide multiple times. FBI Negotiators were eventually able to gain compliance.

(3) On August 14, 2026, while being transported from Henderson Detention Center to the United States Marshals cellblock, Cleary refused verbal commands and had to be taken down to the ground by Henderson Police Officers.

Defendant's counsel was provided a copy of the Request prior to defendant's initial appearance, during the time allotted to consult with defendant. Counsel has also provided with a written waiver of the right to be free of individual prisoner restraints during court proceedings under *U.S. v. Sanchez-Gomez*,

859 F.3d 649 (9th Cir. 2017). Defendant objected to the Request, declined to waive his rights, and the Court heard argument from counsel.

After considering the Request, the arguments of counsel, and the following factors: (1) preventing disruptive courtroom behavior; (2) attempts to escape from custody; (3) assaults or attempted assaults while in custody; and (4) pattern of defiant behavior toward corrections officials and judicial authorities, the Court finds that there are compelling reasons, for the safety of others and to prevent escape, that defendant must remain fully restrained during his initial appearance. *See Sanchez-Gomez*, 859 F.3d at 660 (citations omitted). The Court further finds that full restrain is the least restrictive means for maintaining security and order in the courtroom under the circumstances.

**IT IS SO ORDERED.**

DATED: August 28, 2026.

Maximiliano D. Couvillier III
UNITED STATES MAGISTRATE JUDGE